IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONNIE W.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:20-cv-00490 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | By: Elizabeth K. Dillon |
| Commissioner, Social Security ) | United States District Judge |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronnie W. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Compl., Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 14, 16), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On January 12, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 18.) Plaintiff filed objections on January 26, 2022. (Dkt. No. 19.) The Commissioner filed her response on February 1, 2022. (Dkt. No. 20.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND[2]

Plaintiff filed for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) in January 2017, claiming that his disability began on December 5, 2016, due to low back pain resulting in pain and numbness in his right leg, osteoarthritis in his lumbar spine, a cyst on his spine, headaches, and degenerative disc disease in his lumbar spine. (Tr. 15, 233, 236, 272.) The Administrative Law Judge (ALJ) held an initial hearing on December 19, 2018, and a supplemental hearing on August 16, 2019. (Tr. 15.) On September 18, 2019, the ALJ issued a decision finding that plaintiff was not entitled to DIB as of December 5, 2016. (Tr. 15–24.)

The ALJ found that plaintiff suffered from the severe impairments of lumbar spine degenerative disc disease with radiculopathy, lumbar spine myofasciitis, left shoulder impingement with residuals of prior rotator cuff disorder. (Tr. 17.) The ALJ concluded that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. (Tr. 18.)

The ALJ found that plaintiff had the residual functional capacity to perform sedentary work, except he "can sit, stand, or walk for up to one hour each at a time for a total of up to 2 hours in a workday." (Tr. 19.) Further, the plaintiff "can have no exposure to excessive humidity, extreme cold or heat, vibrations, excessively loud background noise, and hazards such as heigh and machinery." (*Id.*) He cannot drive as part of his job. (*Id.*) "[Plaintiff] can occasionally reach overhead with the left upper extremity," "cannot crawl or climb," "can occasionally kneel, crouch, stoop, and balance," and "must be allowed the opportunity to stand at

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–4.)

the workstation up to 5 minutes per hour." (*Id.*) Finally, plaintiff "may incur unscheduled absences of up to one day per month." (*Id.*) The ALJ determined plaintiff was unable to perform his past relevant work as a truck driver, sewer inspector, and equipment deliverer; however, the ALJ determined that plaintiff was capable to work in jobs such as order clerk, bonder, and inspector, which all exist in significant numbers in the national economy. (Tr. 23–24.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*,

447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

### B. Objections to the R&R

In his summary judgment brief, plaintiff argued that the ALJ's RFC finding and the ALJ's assessment of plaintiff's subjective allegations are not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 15.) In many if not most respects, plaintiff's objections to the R&R are a restatement of his summary judgment arguments. It is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge. The court will, however, address the following objections.

Plaintiff claims that the R&R erred in concluding that the ALJ did not "improperly minimize the objective evidence in plaintiff's case," and did not "incorrectly characterize plaintiff's MRI findings." (Dkt. No. 19 at 2.) The court notes that it "must read the ALJ's decision as a whole." *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018). Further, "there is no rigid requirement that the ALJ must specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). As noted in the R&R, and looking at the decision as a whole, the ALJ clearly acknowledges plaintiff's February 2017 MRI and objective evidence in full.

Plaintiff claims that the R&R failed to address his argument that the ALJ failed to explain his RFC finding that plaintiff may "incur unscheduled absences of up to one day per month." The R&R did address plaintiff's similar argument that the ALJ failed to explain his RFC finding that plaintiff "must be allowed the opportunity to stand at the workstation up to 5 minutes per hour" and concluded that it was supported by substantial evidence. The ALJ's one-day-per-month absence finding is supported by substantial evidence for the same reasons as the 5-minutes-per-hour finding. That is, the ALJ noted that many of plaintiff's complaints such as decreased sensation in his legs were only occasional, that plaintiff attended infrequent pain

5

management appointments, and that plaintiff's objective medical evidence showed mostly mild or moderate abnormalities. To the extent that plaintiff still disagrees with this finding, it is simply a disagreement with the ALJ's RFC determination and a request for this court to reweigh the evidence, which it is barred from doing. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

Finally, plaintiff asserts that the R&R "erred in concluding *Arakas v. Comm'r*, 983 F.3d 83 (4th Cir. 2020) is unavailing in plaintiff's case regarding the ALJ's analysis of plaintiff's allegations." (Dkt. No. 19 at 5.) In *Arakas*, the court held that an ALJ improperly increased a fibromyalgia claimant's burden of proof "by effectively requiring her subjective descriptions of her symptoms to be supported by objective evidence." 983 F.3d at 96 (citing *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)). Plaintiff insists that *Arakas*'s pronouncement is not cabined to cases where objective medical evidence is unavailable, like fibromyalgia, because *Arakas* cites to *Lewis*, which was a case where objective medical evidence was present. *Lewis* held that "[plaintiff's] subjective evidence of pain intensity cannot be discounted solely based on objective medical findings," and "[m]oreover, the ALJ failed to explain in his decision what statements by [plaintiff] undercut [his] subjective evidence of pain intensity…" 858 F.3d at 866.

"The ALJ, of course, must consider the objective evidence, but he may not rely on that factor alone in questioning the severity of [a claimant's] alleged symptoms and limitations." *Tina W. v. Saul*, No. 4:19-CV-00024, 2020 WL 6268533, at *8 (W.D. Va. Oct. 22, 2020). As noted in the R&R, the ALJ did not discount plaintiff's allegations solely based on objective medical findings. (*See* R&R 15.) The ALJ did consider the objective medical evidence; however, he also considered the course of treatment pursued by plaintiff, which consisted of a few injections, a spinal cord stimulator trial, and medication, to determine that plaintiff was not

precluded from sedentary work. (Tr. 22.) "[I]t is appropriate for the ALJ to consider the conservative nature of a plaintiff's treatment—among other factors—in judging the credibility of the plaintiff." *Dunn v. Colvin*, 607 F. App'x 264, 273 (4th Cir. 2015); *see also, Tina W.*, 2020 WL 6268533, at *8 ("Pain medications and steroid injections alone can constitute 'conservative treatment' for physical impairments."). The ALJ further noted that plaintiff consistently refused to entertain the possibility of surgery. (Tr. 22.) The ALJ did not rely solely on objective medical evidence to discount plaintiff's allegations.

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 18) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 19) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 16) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. No. 14) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 14, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge